Good morning, Your Honors. May it please the Court, my name is Catherine Stroll. I'm here and I represent Hiram Dabney in this appeal. Mr. Dabney was convicted of four counts of aggravated criminal sexual assault for one, placing his hands on K.J.'s chest, two, placing his hands on K.J.'s vagina, three, placing his hands on K.J.'s buttocks, and four, placing his penis against K.J.'s buttocks. He was sentenced to consecutive terms of three and that is whether Mr. Dabney's Confrontation Clause rights were violated when, at trial, K.J. only testified to two of the four counts for which the defendant was convicted, but hearsay statements were nonetheless admitted that established the elements of all four counts. At trial, a videotaped interview of K.J. was admitted under Section 5-115-10, a hearsay exception statute. Among other requirements, Section 115-10 permits prior statements of a child victim of sexual abuse to be admitted if the child testifies at trial. However, proper admission of K.J.'s out-of-court accusations under 115-10 has no bearing on whether defendant's Confrontation Clause rights were violated, which is to say hearsay can In Crawford v. Washington, the U.S. Supreme Court described the purpose of the Confrontation Clause aptly. There, it explains the principal evil to which the Confrontation Clause is directed is the use of ex parte examinations as evidence against the accused where neither defendant nor his attorney is present for the interrogation and there is no opportunity to cross-examine. As such, a defendant's Confrontation Rights are violated whenever a defendant does not have an adequate opportunity to cross-examine an adverse witness. So what exactly is required for an opportunity to cross-examine a witness to be considered adequate? Well, for our purposes, according to Crawford, an opportunity is adequate only if an accuser testifies at trial and is sufficiently available to defend or explain his accusations on cross-examination. The question then becomes what is meant by defend or explain. In People v. Learn, the Second District held that a victim's in-court direct examination testimony must be incriminating such that a defendant is able to test the accusations against him on cross-examination. Our Supreme Court indicated it adopted Learn and People v. Kitch when it determined that elements of each count with which the defendant is charged must be established in accusatory direct testimony. While Kitch adopted the law in Learn, it distinguished Learn on the facts. In Learn, no accusatory direct testimony was provided by the trial victim and thus the defendant's Confrontation Clause rights were violated. Whereas in Kitch, because accusatory direct testimony was given to every element of every count, the Kitch Court held and specifically said largely for that reason that the victims were available for cross-examination. In our case, KJ did not so much as utter a word about either count 2 or 4 on direct examination, which necessarily means there was nothing for her to defend or explain on cross-examination as to those counts. Well, here's the question I have, and perhaps I'm looking at it very simply, is she did make accusatory statements as to those counts, but they were hearsay, is that correct? Yes, she made hearsay accusatory statements not under oath and which weren't able to be cross-examined by the accuser at the time those statements were made. But those statements were brought in through testimony of what, a social worker, a mother? The statements can't get in, those statements can't get in unless the victim takes the stand and testifies to the elements, to every element of each charge with which the defendant, it has nothing to do with whether the child advocacy interviewer's statements as to the counts with which the defendant was charged can't get in, the grandmother's statements can't get in, the anatomical line drawing can't get, nothing can get in unless KJ takes the stand and satisfies the confrontation clause. So, equally, defense counsel did not elicit any accusatory testimony from KJ concerning counts two or four on cross-examination, and nor should he have. For one, not only is it not his role to do so, but had he, he would have arguably been ineffective to defendant. There's a whole body of law dealing with prior statements, and if a witness is on the stand and is available for cross-examination, and the witness says, with regard to the direct examination, that they do not recall certain facts, the confrontation clause is still satisfied as long as you can have a right to... It's not, according to Kitch. There is a body of law. Well, those memory loss cases, I'm aware of, there are three of them. They were all kicked back after Kitch. They were vacated, and Kitch asked all three of those courts, and not the Learne court, which also was a memory loss case, to reconsider in light of Kitch. All three of those cases, Garcia-Cordova, which is a second district, People v. Lara, and People v. Sundling, allegedly reconsidered in light of Kitch, and said, despite Kitch, we're not going to change our opinion. However, Lara had a petition for leave to appeal pending in the Supreme Court at the same time as these three other memory loss cases, and it was denied, and Learne is the only case cited in Kitch, indicating that Kitch had adopted Learne, and not these other memory loss cases. These other memory loss cases decided to not change anything in their holding in light of Kitch. They relied on, People v. Sundling relied on Garcia-Cordova, which was kicked back in light of Kitch. So the memory loss cases are problematic. They don't seem to be in line with the Illinois Supreme Court's holding in Kitch. That, in order to be effectively, to be available on cross-examination to defend or explain the accusations against the defendant, a victim needs to establish every element. The testimony on direct examination needs to be accusatory. Because, let me just ask you, your argument is that the only way the defense lawyer could cross-examine that direct testimony by, with regards to count two and four, was to himself suggest and bring up and try to virtually refresh the victim's testimony and encourage testimony against his own client. Precisely. Which would be ineffective. I mean, it's not his role to make the state's case. And without that direct testimony, cross-examination is confined to the scope of what comes out on direct. He's not expected to go anticipate what might come in under 115.10 in the video and ask questions about statements that were never sworn to. The only way that testimony, the hearsay statements, can get in is if the victim testifies. What does testify mean? It means be adequately available to defend or explain the accusations against the defendant. When there's no accusation to two or four, counsel is not able to effectively cross-examine as to those counts. And just, I mean, to sort of reinforce what cross-examination means, Black's Law Dictionary explains that cross-examination is used to either get the adversary's witness to say something beneficial to your version of the case or for impeachment. So, in sum, here, the victim provided accusatory direct testimony for two counts, yet defendant received convictions on all four with which she was charged. And because two of those convictions were obtained in violation of the Sixth Amendment, defendant respectfully requests that this court reverse its convictions and remand the clause for a new trial. Thank you, counsel. Would you have to do that or could you reverse the convictions on those two counts she never testified about? Well, the problem with doing that is we have no idea how prejudicial it was for the jury to hear the hearsay statements as to all four counts. And the two counts to which she did not testify are arguably the most explicit of the four. So I don't know that the outcome wouldn't have been different entirely for the other two counts as well had they not heard testimony to those. Perhaps the sentence would have been less if you had only found guilty of the two counts that were, comparatively speaking, rather innocuous. So a new trial is proper on all four. Okay. But if he gets a new trial on all four, chances are the evidence is going to come in differently and he may win a battle and lose a war. I was thinking if I were him, I'd never go back. I'd say I had two convictions reversed. Well, currently he has four.  Thank you. Thank you. Counsel. Counsel. May it please the Court of Counsel. Defendant's right to confrontation was not denied. Defendant was not denied the right effective cross-examination simply because the victim had a memory loss as to certain events that happened. Well, the State takes issue here. First of all, the issue was forfeited. I have to take a point that out because this was not something that was raised. So this has to come in under plain error. And I don't think that, based on the case law, the case law all favors this memory loss. All favors the fact that this particular witness, victim witness, was present for effective cross-examination. Defendant's confrontation rights were not violated. Where the State takes exception with defendant is with the statement that Kitch adopted Learn. Kitch did not adopt Learn at all. Learn was the case in the Second District decided in which after the victim assumed the stand, the young victim, the victim answered some questions about name, address, et cetera, and then completely shut down. Said absolutely nothing more. And the trial judge basically said, well, we'll allow the statement in because your confrontation right wasn't violated because the victim's understanding you could cross-examine. What the Second District held was the fact that in that case, defendant was not afforded his right of confrontation because the victim never accused him of anything. And that was the key point. The victim said nothing accusatory against the defendant. Now, there are what I believe are three points that I've highlighted from Kitch. Number one is that Section 115-1 allows the child victim's testimony, or hearsay statement rather, admitted when the court finds the statement is reliable and the victim testifies at trial. When the child victim testifies and is present at trial to defend or explain their testimony, Crawford is satisfied. That is found at 239 Illinois 2nd and 467. So the Crawford point brought up by defendant is adequately answered in Kitch. And what Kitch is basically saying is this is the purpose of 115-10. If the child has to take in and basically the whole purpose of 115-10 was to take in help in those cases where there is memory loss, where for whatever reason the child doesn't or cannot testify, whether it's memory loss, whether it's embarrassment, whatever, the fact is that's what 115 is there for. However, Kitch goes on to say, they testify at trial within the meaning of 115-10. The victim's testimony must accuse defendant of something through the victim's direct testimony. Testimony is accusatory testimony. Confront and accuse defendant of doing something. This is at 239 Illinois 2nd, 464. And the third point I think that is important from Kitch is the victim's direct testimony. The record must show that the victim answered all questions put to them by the defense on cross. Answer forthright, not be evasive. 239 Illinois 2nd, again at 464. Nowhere in these three key points do they say anything at all about adopting LEARN and somehow changing the rule. What they did is they distinguished LEARN because at the very least they said, well, in this case, even though in Kitch what happened was the young victims testified to all the events. The problem was they didn't specify particular dates, places, other details. And so what the defendant in Kitch was trying to do was trying to take and draft off of LEARN where the victim witness said nothing, trying to say, well, I couldn't do effective cross-examination because they didn't get specific enough. And what the Supreme Court in Kitch basically did is says, well, LEARN says this and this is what happened there. But here they testified to everything. Even though it may not have been in detail, what the victims in Kitch did do, at least with respect to all of the charges, did provide some testimony. You have a question? So is your position that if the victim on the stand testifies that the defendant kicked me in the knee, that's enough to bring in a videotape that says he sexually assaulted me on two occasions? Once again, your factual scenario is broader than what we have here. I get it, but you're saying they said if they accused him of something, and you think something means... I think the accusing of something has to be something that's related to the charges that have been brought against them. And the charges here were four counts of criminal sexual abuse. Testify to two of the four. You don't have to testify to all four. And these were crimes that occurred on different dates, or the same date? I believe from the victim's testimony that it's all pretty much the same date. But these were separate acts. Separate acts. Separate acts, but the same... Same scenario. I think something happened in the living room, something happened in the bathroom or bedroom, something happened in the kitchen. So the confrontation clause contemplates the opportunity for effective cross-examination, but not cross-examination that is effective in whatever extent that the defendant might wish. And basically, all of the cases, I think Bowen, Florence, Bryant, Lara, Sharp, all the cases cited in the People's Brief, all indicate that with memory loss, the fact that the victim witness testifies to something that is accusatory, the fact that the gap in memory does not deprive the defendant of the right of confrontation through effective cross-examination. Have any of these cases talked about a situation where the victim doesn't talk about, doesn't say anything about the offense charged? No. The only one we learned would be the only one. Because the witness said nothing. Again, when I say testimony... The witness didn't testify. I'm sorry? In learn, in essence, the witness did not testify. Correct. In essence, the witness did not testify in learn. Although, you know, they took the oath and they said, you know, I know what the truth is. I know what a lie is. My name is this. My age is this. I live with my mom and dad, etc., etc., etc. But that was not, in effect, testimony that the court in learn considered. So for these... Oh, and also with respect to your question about defense counsel, with respect to defense counsel's ability to cross-examine and inability to cross-examine and the fact of actually bringing out potentially the testimony that comes to the floor, in law, and I want to quote, in a situation such as this, defense counsel is placed in a precarious position. In general, during any trial, an attorney does not want to ask a question he does not know how the witness will answer. Further, an attorney surely does not want to elicit an answer that will implicate his client. However, strategic considerations such as these do not make the witness unavailable for cross-examination. So law basically addressed your question, realizes the dilemma that defense counsel has, but at the same time that does not detract, it does not mean that the victim witness and the memory loss does not basically equate with their unavailability for cross-examination. And so, based on the case decided in People's Graves and based on the argument this morning, we would ask that this court affirm. If there are any other questions, I may want to have them addressed.  The state cited one case, People v. Lera, that was decided post-Kitsch. Lera decided to ignore Kitsch despite being told to reconsider its decision in light of Kitsch. After Kitsch used the reasoning in LEARN to, yes, distinguish the facts in its case, but to adopt the law in LEARN. And when Lera ignored Kitsch, Lera relied on a 2009 case from its own district, the 4th District. That's the only case that the state cites post-Kitsch. As far as the memory loss cases go, LEARN and two others were complete memory loss. The victims didn't testify to anything. In LEARN, that wasn't good enough. They needed to provide accusatory testimony so that on cross-examination, defense counsel would have accusations to test. In Garcia v. Cordova, people v. Sundley also testified to nothing and the court said that's fine. They're present. They're here. They can take the stand. They're available for cross-examination. How so? What is counsel crossing? There have been no sworn statements or accusations made against counsel. There is this out-of-court hearsay that can only come in if the victim testified. What does the victim need to do to testify? It needs to accuse the defendant. So if we want to call this K.R. case a memory loss case, I think that's a little disingenuous. K.J. remembered in vivid detail essentially everything that happened that day, including the popsicle dripping and her needing to clean it up and where they were at which given time. So I wouldn't really say that she'd forgotten what happened. Perhaps she was embarrassed. Perhaps she didn't want to lie a second time. Maybe she was lying on the video. We don't know and it's not for us to speculate as to why she didn't accuse him of two of the four counts with which he was charged. But I think certainly K.J. indicates an adoption of LEARN when K.J. had four memory loss cases available to it and it chose LEARN. To yes, distinguish it's facts. Unlike LEARN where they didn't testify to anything, here they did provide the accusatory testimony that LEARN was requiring. And so here the Confrontation Clause rights were not violated. So I would argue that this court should be in line with our Supreme Court and not fall in line with the 2 2nd District and 1 4th District cases that basically decided to completely ignore K.J. What about the plain error analysis? Under what prong? Oh, well, under, what's the 2nd prong? And this is a serious violation. A constitutional right is, we've cited a lot of case law in our paper. I think three or four cases that say when a Confrontation Clause right is at issue this is a serious violation subject to 2nd. So it's a structural error under plain error analysis? I don't understand. Well, 2nd prong, I mean the Supreme Court. The Supreme Court, I believe the Supreme Court said it's not limited. 2nd prong plain error is not limited to exclusively structural. I believe a recent decision said that. Thank you. The court will take this case under advisement and render a decision in the near future. Right now we need the bench to have a panel change.